The first case will be Montgomery v. Cruz. This is 23-13-15, and we'll hear from Ms. Smith. Thank you, Your Honors, and may it please the Court. My name is Madison Smith, and I will be arguing this case on behalf of Defendant Appellant Armando Cruz. I would like to reserve two minutes of my time for rebuttal if circumstances permit. The district court erred here by failing to consider probable cause and only analyzing this case under a tarry stop standard. The US Supreme Court has held that a police-citizen encounter which exceeds the bounds of tarry stop may be justified by probable cause or consent. While this was addressed by the magistrate judge in his recommendation, the district court failed to address probable cause or make any analysis regarding probable cause in rejecting the magistrate judge's order. In two cases involving almost the same facts alleged here and involving the same plaintiff, this court has found that defendant officers did not lack probable cause to arrest Mr. Montgomery based on the fact that he was seen leaving a store with unbagged items, refused to show a receipt, and the store employees reported to the officers that they believed that he had shoplifted. Is probable cause to arrest the same as probable cause to search? I think that under these circumstances, yes, where we are arguing that it's a search incident to an arrest. No, I understand that. But let's say the police have videotape of me shoplifting the 7-Eleven down in the plaza. And so they have probable cause to arrest me. Does that mean they have probable cause to search my house or search my pockets? So probable cause to arrest is based off the officer's reasonable belief that that person has committed a crime. Probable cause to search would be a reasonable belief that evidence of the crime is the place to be searched. So I think in circumstances where shoplifting, if it's a search of a person and they have reasonable belief that you have contraband or evidence of that crime on your person, then yes, that probable cause. That's my question. The videotape is from two weeks earlier. So they know I'm a criminal. Do they have a fair probability that they're going to find anything in my pockets two weeks later? Two weeks later, I'm sure it would depend on the circumstances of that reasonable belief. There is a difference, isn't there, on the probable cause standard for arrest? And that's why you're arguing search incident to an arrest, not that they have probable cause to think he has stuff in his pockets. Correct, Your Honor. And I think in this circumstance, they would have probable cause to think that he had contraband in his pockets. Why? Given that he was seen leaving the store from the back of the store without going to the front registers first, he had noticeable bulges in his pockets, and he refused to show a receipt when asked to by the store. I thought it was that he was told by somebody at the store that he had a sack, but it wasn't a sack from, I think it was Walmart, wasn't it? But I didn't know that anybody thought that he had something in his pocket. No. Mr. Montgomery was seen leaving the Walmart store without stopping at the front cash registers, and he had items in his hands and in his pockets, or at least a noticeable bulge in his pockets. He was first stopped by the Walmart employee, Mr. Germain, who asked to see a receipt. Mr. Montgomery refused to provide that receipt. And then that's when Officer Cruz became involved, also asked for a receipt, and then spoke with Mr. Germain while Mr. Montgomery went back into the store, placed his items in bags, and then attempted to leave again, which is when he was stopped again by Officer Cruz. And so in the two prior cases, well, in the two specific prior cases that I would like to address involving Mr. Montgomery here, the Tenth Circuit found that there was already a probable cause to arrest him in those circumstances. And those are Montgomery versus Calvano and Montgomery versus Cone. And under almost the exact same circumstances I just mentioned, they're presented here. Mr. Montgomery was seen leaving the Walmart with unbagged items. He refused to show a receipt. And the Walmart employee, Mr. Germain, reported to Officer Cruz that he thought Mr. Montgomery had shoplifted those items. These facts, coupled with the precedent in Calvano and Cone, and coupled with Officer Cruz's understanding that this particular Walmart location was one of the top shoplifted areas in the nation, provided Officer Cruz with at least arguable probable cause to arrest and search plaintiff at the time that he was searched. And in fact, the district court had already determined that Officer Cruz did not lack probable cause to arrest plaintiff. But on interlocutory review, aren't we obligated to credit the district court's findings unless they're blatantly contradicted by the record? I think that's correct. I think it is a de novo review. Yeah, but we have to credit what the district court concluded that a reasonable fact finder could find, unless it's blatantly contradicted. I think that's correct, Your Honor. And the district court concluded that a reasonable fact finder could conclude that Mr. Montgomery was never arrested, right? So part of this issue is that the magistrate judge found that he was not arrested at the time of the search. I'm talking about what the district court concluded. What the magistrate judge recommends is great, but it really doesn't matter until the district court enters an order. And so with the district judge ordered that a reasonable fact finder could conclude that Mr. Montgomery was never arrested. Is that true? That's correct, but that was specific to at the time that the search happened. The magistrate judge, or neither the magistrate judge nor the district court, had determined that an arrest didn't happen later on after he was handcuffed and placed in the back of a police car for 45 minutes. And we had argued that that was sufficient for an arrest to have been found to occur. But for the purposes of this appeal, we at this time are not disputing that an arrest occurred. So our- That an arrest did not occur. Correct, yes. And the district court never concluded, even though you argued it, that when he was handcuffed and put in the police car, that that was an arrest. The district court never said a reasonable fact finder could conclude that he was ever arrested. Is that true? I believe the district court adopted the magistrate's recommendation that a reasonable person couldn't conclude that he was arrested at the time of the search, not afterwards. And the magistrate judge, which the district court adopted, cited case law stating that a search cannot proceed an arrest, or search incident to an arrest cannot proceed the arrest, if that search is what provides the probable cause, the fruits of that search. But our argument is that if we had probable cause to arrest plaintiff at the time that the search occurred, then that should still be considered a search incident to an arrest, because an arrest would have occurred, if not for exculpatory information that was discovered in between the search and the arrest. So in this particular circumstance, Officer Cruz had arguable probable cause to arrest plaintiff, especially considering the Tenth Circuit's precedent in Calvano and Cone, at the time that he was stopped and searched. And in between that search and what would have been the arrest, Officer Cruz was more thorough than the officers in Calvano and Cone. And investigated further, looking into the surveillance footage to make sure he had actually shoplifted. And that surveillance footage showed that he did, in fact, purchase the items, but just in the back of the store. Isn't the whole argument against your position, though, that that has to culminate in an actual arrest? And if you know everybody's agreeing, for purposes of this appeal today, that there was no arrest, then isn't that the problem for you? Yes. The problem is where the precedent currently lies in arrest has to occur for a search incident and arrest. OK. Now, let me ask you this. Is it your position that that is the law, that you cannot have a search incident to arrest without an actual arrest? That's, yes. That's what the precedent currently states. And that it's clear, and there's no reasonable argument against it? Under, yes, under those circumstances. But that's the issue that's presented here, is that because the Tenth Circuit has allowed a search incident to an arrest to precede the actual arrest, and in some cases, it's talked about even an hour, the search occurs, and then an hour later, the arrest occurs. That doesn't encompass this particular situation, these particular facts, and there's no clearly established law on these particular facts, that where an officer conducts what would be a valid search incident to arrest, but in the time between the search incident to an arrest and the actual arrest, exculpatory information is then learned. And then that officer is stuck in a position where they either have to continue with the arrest in violation of the Fourth Amendment, because they no longer have probable cause, or they're stuck where Officer Cruz is here, where they let the suspect go. So your position is, this is more like the judge-friendly case in that posture, and that it just hasn't been decided in this court, or the Supreme Court in such a way, that would put your client on notice that they couldn't search? Correct. I think in this circumstance, Officer Cruz had arguable probable cause to conduct what would be a valid search incident to an arrest under the precedent. But it just so happens that in between the search and the arrest, that exculpatory information was found. And I'm not aware of any case law under these circumstances that would incorporate the situation where what an officer's reasonable belief would be a valid search incident to arrest is no longer valid, because they cannot complete the arrest after exculpatory information is learned that vitiates probable cause. OK. I want to go back to my hypothetical where I shoplifted at the 7-Eleven. And so the police, let's say they got me on tape. They have probable cause to arrest me. And they come up, and then they just start going through. They open my wallet. I mean, open my front pocket and pull out my wallet, rifle through it, pull out my pill box out of my pocket. And I say, whoa, what are you doing that for? Well, we could arrest you. I said, are you arresting me? No, no, we're not going to arrest you. But we could. Well, I thought Knowles, the whole point of the ability, the right of the law enforcement to search incident to an arrest is because of the danger to the law enforcement when the confrontation has escalated from a consensual encounter or even a stop to an arrest that creates real danger to the police. So it seems quite unique to say, well, Officer Cruz doesn't know if he's going to arrest. He's going to go and look at the videotape. He's going to go see if there is a receipt. And lo and behold, he finds out that it was paid for. And so it had, according to the district court, had never escalated into this dangerous confrontation because Officer Cruz could have arrested but didn't. And so I don't understand how Knowles or any case law says, well, just because you could do something, if you did do that, that would create a dangerous situation. You didn't. But if you had done that, that would have been a dangerous situation. So we're going to preempt that whole situation and say, well, you can just go ahead and do it anyway, even though there's no danger. Because of what the officer decided not to do, to make an arrest. Yes, Your Honor. Two points on that. One, Officer Cruz, in his affidavit submitted with her summary judgment, did qualify this search as a search incident to an arrest. So at least at that time, he considered this to be a search incident to arrest. Secondly, so you're correct. Knowles provides two historical rationale for a search incident to an arrest. So it's officer safety and preservation of evidence. And both of those are actually present here. So this wasn't just like a normal detention on the street. Mr. Montgomery was handcuffed and placed into the back of the police car. So I think there was, and the district court found that there was reasonable, articulable suspicion that he was armed and dangerous when justifying the pat-down search. I thought Officer Cruz's declaration says, by the time that he dug into his pockets, much less did anything else, putting him in the police car, that he had already determined in the sworn declaration that he had determined that Montgomery was not armed. Am I incorrect about that? At the time that he was placed in the police car, correct. He had been searched before that. But I think it was reasonable. And at the time that he even dug into the pocket. No. In his declaration, he doesn't say that? By the time he searched? I could be wrong. My understanding is that the pat-down and reaching into his pocket was because he believed that he was armed and dangerous. But he also qualified it as a search and interest. And the district court found that he at least had reasonable and articulable suspicion that he was armed and dangerous in justifying the pat-down search. The district court just found that the scope of the pat-down search, or how it was conducted, that there was a dispute of fact as to whether that was reasonable. So even if we take your justifications for reaching into his pocket and everything is true, I mean, that doesn't go for his wallet, does it? So you don't need his wallet to find out if he has a weapon or if he has contraband? So I realize I'm out of time, but I can answer your question. I can answer your question. So that was the second piece of our appeal, is the search of this wallet to obtain identification, which we believe is objectively reasonable to obtain a suspect's identification, even during a pure Terry stop standard, especially when Mr. Montgomery refused to provide his name. Other circuits, the Seventh Circuit in particular, has found that that is an objectively reasonable search. And there's a lot of, it's an important government interest to identify suspects, especially ones that are exhibiting the current concerning behavior that Mr. Montgomery was at the time that they stopped him. Concerning enough that the Walmart employee had started directing employees to use another exit, that he believed him to be mentally unstable, all of those things. And without him providing his name, we think the officers were, it was objectively reasonable to do the limited search of just obtaining his identification. So would it be your position that if they think someone's, the officers are thinking somebody's acting erratically, leaving a store, potentially shoplifting, that with nothing more, they're entitled to know who they are and look at their wallet? I think under a Terry Stop standard, if they had reasonable articulable suspicion that a suspect is, or a crime has been committed, and that suspect is refusing to provide their identification or their name, that it would be objectively reasonable for the officer to require them to provide an ID. So this Seventh Circuit case, you think, is your best authority for that? Yes, Your Honor. And do you recall the name of that? One moment. That one's USV Brown. OK. Tell me if my memory of this videotape is incorrect, because you've said twice that he refused to give the name. And I assume you were talking about to Cruz. We know he refused to give it to Jermaine, private Walmart employee, doesn't have to. I thought at the very start of the videotape, Officer Cruz says, I need your name and information. And he starts reaching into his pocket to pull out his wallet. And he says, no, stop right there, raise your hands. He raises his hands, and then he starts going through his pockets. So where, either in the district court's findings or in the videotape, am I going to find any suggestion that Montgomery refused to tell Officer Cruz what his name was? He was trying. I think, well, I think in that circumstance that you just described. I mean, am I wrong about the videotape? No, no, I think that's correct. Officer Cruz had asked Mr. Montgomery for his name and information. Montgomery did not want to provide that verbally and only reached for his pockets. But I think it was objectively reasonable where Officer Cruz, as the district court found, had reasonable and articulable suspicion that Mr. Montgomery's armed and dangerous, did not want him reaching into his own pockets. Fair. OK, but you said twice that he refused to give him his name. You're basing that on the fact that he reached into his pocket to pull out his ID, instead of just saying, my name is Montgomery. Correct. OK, thank you. Judge Bullock, do you have questions? Thank you. We'll give you, the appellant, one minute. We kind of cheated you out of your rebuttal. Sorry, one second. I've got lots of things. Your honors, and may it please the court, my name is Erin Gust, appearing on behalf of William Montgomery. The outcome in this case is driven by two basic legal principles. First, for the search of the right front jacket pocket, the search incident to arrest exception requires an arrest. Second, for the search of the wallet, without the safety justification, consent, or an exception, an officer cannot extend a search during a charity stop. This is well-established law. Counsel, let me ask you a question, please. Yes, your honor. Do you or your client, has your client conceded probable cause in regard, because I find nothing where he didn't respond to the probable cause, right? Has your client conceded that? And if not, where did he raise it? Your honor, whether there's probable cause does not matter for this analysis, because the search incident to arrest exception, because the search incident to arrest exception, under clear precedent in this circuit, requires an arrest. OK, let's nail this down, though, for Judge Baldock before we move on. You're not disputing that there was probable cause to arrest? No. For purposes of this appeal, you agree that there was? Yes. OK. This court should not expand the search incident to arrest exception, as Officer Cruz argues. Officer Cruz argues that there are policy concerns, not allowing Officer Cruz to conduct the sort of search that occurred here. Well, probable cause is the standard. It's not a catch-all. An arrest is the exception. And this makes sense, because an arrest signifies a significant event in the criminal justice process. The Supreme Court has recognized that in Knowles, the atmosphere of an arrest allows an officer to conduct a more invasive search. But at that time, there's also rights and procedures that attach to the defendant or the suspect, right to speedy trial, Miranda, counsel, right to remain silent. What Officer Cruz is arguing for allows the government to have the benefits of an arrest, but what of these rights that attach for the suspect? And in addition, what we have right now is a bright-line rule that officers can apply. What Officer Cruz is advocating for is to embodies those waters. What do you do with Cupp, the Supreme Court's decision in Cupp? Cupp is harmonious with the case here, because there you had a defendant who appeared to have highly evescent evidence on his fingernails, the dried blood. And there the Supreme Court said that the officer saw him trying to destroy that evidence in front of them. And so it's that highly evescent evidence component, and it's that second piece of Knowles that you see, that preservation for evidence at use at trial, that makes it harmonious with this case today. OK. So as to, do you think that Cupp and the appellant's position would be consistent with respect to the bulge in the pocket and looking at the pocket in case there was contraband? Because at that time, everybody agrees he's not under arrest and not otherwise subject to search. If he has contraband and is going to be let go, presumably, we wouldn't want him walking off with the evidence, would we? Your Honor, there's two answers to this question. First, there's nothing in the record suggesting that Officer Cruz or anyone else believe that there is evidence on Mr. Montgomery's person. Yes, there was the bulge, but they didn't know what that was until it was removed from the person. Well, I mean, they wouldn't know it was in his pocket. But there's nothing in the records stating that they suspected. And if you look at the language in Knowles, the court puts the burden on the government to demonstrate the need to preserve evidence. And there's nothing in there. And then second, the illegal search that we're looking at, this one, the right front jacket pocket occurred before the bulge and the liquid gradient celiac, whatever it was, was pulled out. So this happened before, so I just make that comment as well. The Supreme Court has warned that the exceptions to the warrant requirement are carefully drawn. As I've mentioned, it's well settled in this circuit that the search incident to arrest exception requires an arrest. And that's dating back to 1982 with Ward. You see that in Torres Castro, and you see that in Sanchez. And in fact, Ward handled the policy arguments that Officer Cruz has raised. It analyzed that, it recognized that the officers, the agents there, had probable cause to get a search warrant for the suspect in that case. They had probable cause that he had committed a federal offense. And yet, with no warrant and no arrest, the more invasive search beyond Terry that they conducted violated the Fourth Amendment. The courts already handled the policy concerns that Officer Cruz has raised. Officer Cruz also suggests in his reply that the exigent circumstances exception might apply. But that fails for two reasons. First, it's waived. In his reply in support of motion for summary judgment on appellate appendix page 150, footnote one, Officer Cruz explicitly stated that he is not arguing the exigent circumstances exception. Even if this court wanted to consider that exception, it does not apply. There is no imminent concern of destruction of evidence. The standard requires more than a mere fear of destruction of evidence. Here, Mr. Montgomery was in a public place with three officers around him in handcuffs. This is not the situation like in Kentucky versus King, where the officers smelled weed, banged on the door, and testified that they heard sounds like suspects destroying or moving evidence. That's not this case. But if this court is interested in expanding the search incident to arrest exception, I would caution it to consider the implications on other exceptions. Notably, the exigent circumstances exception. The Supreme Court in Coolidge versus New Hampshire clearly stated that no amount of probable cause can justify a warrantless search absent exigent circumstances. If probable cause alone here is enough without an arrest, does that eat the other exceptions? Is it enough in other exceptions? Officer Cruz violated Mr. Montgomery's Fourth Amendment rights. These Fourth Amendment rights are clearly established. You see it in Sobran from the Supreme Court, Santillanes from the Tenth Circuit, and Brown persuasive authority from the Ninth Circuit. All state that an officer cannot immediately reach into a pocket during an investigatory detention. And in addition, Officer Cruz argues that probable cause is the difference here. But we have Ward. We have Ward that says even when you've got probable cause, if you don't arrest or you don't get a warrant, there is not another exception or there's not consent, you can't take that next step and do a more invasive search. And that's what happened here. If an officer sees an individual shoplift, stick it in their pocket, walks out of the store, are you saying, and so I think you would agree, wouldn't you, that there was at least a fair probability if you put aside the warrant requirement, a fair probability to believe that evidence of illegal activity is gonna be found in the pocket? Yes. And so you're saying that there's, put aside search incident to an arrest. The officer doesn't wanna arrest him, he just wants to see if there is evidence of contraband, of illegal activity. Now, what is he supposed to do? He can't arrest the person. He doesn't even think that he has probable cause to believe that there's an arrest or elects not to make an arrest. But there is probable cause, and if that's not exigent circumstances to believe that evidence is gonna be destroyed, if he lets the person go home, well, who knows where that stolen merchandise is gonna be. Why doesn't the officer have exigent circumstances if it hasn't been waived based on the presence of fair probability to believe that contraband is gonna be found in his pocket? You might have the exigent circumstances there and looking at whether it's imminent. But what's different here is that Mr. Montgomery's in handcuffs and he's outnumbered three to one. And so there, it very well may apply, but it does not here. Moving to my next point. So let me, before we go on, what are your authorities that you're gonna rely on where the holding was such that it clearly established this principle that there has to be an arrest? Ward, Torres-Castro, and Sanchez. Okay. Moving to my next point. Officer Cruz's search of the wallet also violated the Fourth Amendment. Here, there are actually two searches. There's the first one where Officer Cruz removes the wallet and there's the second one when he searches the wallet for the ID. The district court appears to have adopted that from the report and recommendation that there's a dispute in fact as to whether the search of the pocket containing the wallet was minimally intrusive. The sole justification for a search during a Terry stop is safety. Terry, Sobrone, and Dickerson are clear that a Terry search should not be used to further an investigation. There are three circumstances under which an officer can remove an object from a suspect's person during a Terry stop. First, he identifies weapons. Second, he identifies what reasonably could be a weapon or use this weapon. And third, he readily identifies contraband. Those three circumstances do not apply here. Officer Cruz argues that there could be weapons secreted in the wallet, but as you pointed out, Judge Bacharach, his declaration states that only after he determined there were no weapons on Mr. Montgomery's person, only after that did he search the wallet. That is not tied to safety. That's unjustifiable under Terry. And persuasive authority from the Eastern District of New York in Evans versus Solomon found an almost identical case search of a wallet, unjustifiable under Terry. It's true that an officer can ask for ID, name, date of birth, that sort of information during a Terry stop. What happened here was more invasive. Think of what someone can learn from the contents of your wallet, whether it's pictures, financial information, healthcare information, this is more invasive and precedent doesn't go as far as Officer Cruz wants it to. This is clearly established. An officer cannot conduct a more invasive search without a safety justification, consent, or an exception. The point of a Terry search cannot be to further an investigation. You see that in Terry, Sobrone, and Dickerson. And in fact, Evans, that case I referred to from the Eastern District of New York, relied on one case in its analysis, Terry. Terry alone is enough to clearly establish this right. Officer Cruz also argues that, Officer Cruz also argues that Mr. Montgomery consented to the search. Consent, it is Officer Cruz's burden to establish consent, and in fact, it's a heavier burden in light of Fernandez because it followed an illegal search. An offer to provide an officer with something is different than consenting to search something. This is a fact-intensive inquiry examining the totality of the circumstances. You saw the body camera footage. Mr. Montgomery offered to give his ID. He complied when told to put his hands up. He did not refuse to identify himself. He insisted that they stay out of his pockets. He did not consent. Apply Officer Cruz's proposed rule to a car stop example. For example, I'm driving home after this oral argument, and I speed, and I get pulled over, and the officer comes up to my window and I roll it down. I say, Officer, I'm so sorry. I forgot my wallet, it's in the back of my car. I'm going to grab my IDs in there, and I'm going to grab it for you. No reasonable officer would understand my statements to be consent to search my purse. The same applies here. Mr. Montgomery did not consent to the search of his wallet. And even if his statements after the search can be construed as consent, consent cannot be retroactively applied. If the court has no further questions. Judge Waldock, do you? No, I do not. Relying on well-settled law, this court should affirm. Thank you. Thank you. Thank you. I want to address just a few things that were brought up. So with respect to the rationale for a search incident to an arrest, Knowles found that the preservation of evidence rationale in that specific circumstance didn't apply, because in that case, the officer had already cited him with speeding, and the search of his vehicle wasn't going to uncover any other evidence of speeding or whatever the traffic stop was. That's not the case here. Mr. Montgomery was suspected of shoplifting, and the search of him would be, there would be a reasonable basis that if he's seen leaving a store with items in his hands and bulges in his pockets, that he has fruits of that suspected crime in his pockets. And placing him in the back of the police car, I believe the officers had a reasonable reason to make sure that he was not bringing any contraband or weapons into the back of the police car to hurt himself or stash away. The other thing that I would like to bring up is that there is no evidence in the record that the search of Mr. Montgomery's wallet was a full-blown search of pulling out cards. I think the evidence has just been that it was opened, his ID was taken out, and his wallet was put back in his pocket. How do we, I mean, we could see what you're referring to on the video, but how do we write an opinion, say that, that you can't rifle through the wallet to get the ID, but if you do it super quick, where you're probably not gonna focus your eyes enough the seconds to see what medical information is on their Blue Cross card or something, how do we write an opinion drawing that line that you can rifle through the wallet if you do it really fast? If you take your time, that's a search. I think the hallmark of the Fourth Amendment is reasonableness, right? So I think as long as it's as limited of an intrusion as it can be just to obtain the identification, then that's where that sort of balance lies is the reasonableness of how limited that intrusion is to obtain the identification. Why not let him, I mean, he was trying to pull out, when he asked him for his information, you know, the officer asked me for my information. I think, oh, well, that's my driver's license, you know, and so he pulls it out, and oh, I know, I don't want it now, you gotta raise your hands and I'm gonna handcuff you, and so why does he need to rifle through the wallet to get his ID? Why didn't he just give the wallet to Montgomery and let him pull out his ID, which he was trying to do in the first place when he asked for his information? I do think it was reasonable, given that Officer Cruz had reasonable articulable suspicion that he was armed and dangerous to not permit Mr. Montgomery to go into his own pockets. Even in light of the declaration that says that he had already assured himself by the time that he opened the wallet that he was not armed and dangerous, or are you disagreeing with that declaration? I think by the time we get to the wallet, Mr. Montgomery was already handcuffed, so I guess in order to have Mr. Montgomery pull out his own wallet and go through it, we'd have to unhandcuff him and go through this whole, I guess, re-handcuff him later as they conduct this investigation, and I don't think that that was necessarily required under the circumstances. I think it was objectively reasonable for them to just do the limited search of the wallet solely to obtain the identification. And in US v. Van Damme, just to address another quick thing. Yeah, I caused you to be a little over time, but now we're on three minutes. And I will let you, this will be about 20 seconds wrapping up, I just don't want you to start anew. Yes, yes, no, it's not, it's in the same argument. But in US v. Van Damme, that court also held that search of a wallet was a valid search, under a search incident to an arrest search. So if the court finds that the search incident to an arrest exception applies, the search of a wallet was valid under US v. Van Damme. And based on that, we ask the court to reverse. Thank you. Thank you, it was very well presented by both sides. We appreciate your excellent advocacy. The court does extend its appreciation to Ms. Guss and Ms. Benz for undertaking the request under 1915 E1 to represent Mr. Montgomery. We appreciate your service to the court, as we appreciate Appellant's counsel. This matter will be submitted.